IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATALIE GEORGE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-12-2861 |
| | § | |
| JPMORGAN CHASE, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 13] filed by Defendant JPMorgan Chase ("Chase"), to which *pro se* Plaintiff Natalie George filed a response [Doc. # 20]. Having reviewed the full record and applied governing legal authorities, the Court concludes that Plaintiff's complaint is barred by the statute of limitations. As a result, Defendant's Motion to Dismiss is **granted**.

## I.  BACKGROUND

Plaintiff was an employee of Washington Mutual Bank ("WM"). On June 13, 2003, Plaintiff fell when she was leaving work for the day. She did not realize the severity of her injury and, therefore, did not report the injury to WM until October 24, 2003.

WM entered into receivership in 2008, and Chase purchased the bank's assets. In her Complaint, Plaintiff asserts that she is suing Chase "for not taking responsibility for [her] injury." *See* Complaint [Doc. # 1]. She alleges that WM's attorney told her "they would pay," but WM failed to pay her medical expenses. *See id.*; "Default of Judgment" [Doc. # 7], p. 3. It appears that some medical expenses were paid under the Texas Workers Compensation Act ("TWCA"), indicating that at some point Plaintiff's injury was treated as covered under the TWCA system.

Plaintiff and defense counsel appeared for an initial pretrial conference on February 21, 2013. It was apparent to the Court that Plaintiff is both intelligent and sincere. Plaintiff explained her claims to the Court, and the limitations issues were discussed. Plaintiff explained that she fell while leaving work in June 2003 and that there had been some meetings with representatives of the TWCA system. As a result, it appeared that Plaintiff could possibly obtain TWCA payment of her medical expenses. The Court requested that, as a courtesy, defense counsel provide Plaintiff with contact information for the TWCA office in Houston.

At the time of the conference, Defendant's Motion to Dismiss had not been fully briefed. Plaintiff has now filed her timely response to the motion, which is ripe for decision.

## II.   APPLICABLE LEGAL STANDARD

Defendant has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant asserts that any conceivable claim is time-barred.[1] "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003). In this case, the dates relevant to the statute of limitations inquiry can be found in Plaintiff's Original Complaint [Doc. # 1] and her "Default of Judgment" [Doc. # 7], which will be treated as a supplement to Plaintiff's Original Complaint. Accordingly, Defendant's motion will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998).

## III.   ANALYSIS

### A.   Claim Based on June 13, 2003 Fall

Plaintiff complains that she suffered a serious personal injury when she fell in June 2003. A personal injury claim is subject to a two-year statute of limitations. *See*

---

[1]   Defendant argues also that Plaintiff's claims are against Washington Mutual and, therefore, Chase is not the proper Defendant. Because Plaintiff's claims, under any theory, are barred by the applicable statute of limitations, the Court need not address Defendant's claim that it is not the proper Defendant.

TEX. CIV. PRAC. & REM. CODE § 16.003(a).  Plaintiff's complaint was filed September 24, 2012, well after the expiration of the two-year limitations period.

Plaintiff argues that she is suing for punitive damages.  "Punitive damages are not an independent claim or cause of action, but are a remedy available in various causes of action."  *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 604 (5th Cir. 1988) (citing *Alcorn County v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160, 1170 (5th Cir. 1984)).  Consequently, Plaintiff's claim for punitive damages cannot survive absent a timely cause of action.

### B. Possible Claims Based on WM's Promise to Pay

Plaintiff alleges that WM told her it would pay her medical expenses, but failed to do so.  Plaintiff alleges that this promise was made in September 2004.  Whether treated as a fraud claim, a claim for promissory estoppel, or a breach of contract claim, the four-year statute of limitations expired in September 2008, well before Plaintiff filed her complaint.  *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) (fraud); *Ambulatory Infusion Therapy Specialist, Inc. v. N. Am. Adm'rs, Inc.,* 262 S.W.3d 107, 119 (Tex. App. – Houston [1st Dist.] 2008, no pet.) (promissory estoppel); TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3) (breach of contract).  If the claim were treated as one for negligent misrepresentation, it would be barred by the applicable two-year statute of limitations.  *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex.

1998). As a result, any conceivable claims based on WM's promise to pay Plaintiff's medical expenses are time-barred.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that any conceivable claim asserted by Plaintiff in the Complaint, as supplemented by the request for default judgment, is time-barred. Consequently, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 13] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this 1st day of **March, 2013**.

_____
Nancy F. Atlas
United States District Judge